```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**PRINCESS ANTHONY-GARY,**

                     Plaintiff,

                                       CIVIL ACTION
      vs.                                  No. 05-3320-SAC

**GEARY COUNTY SHERIFF'S DEPT., et al.,**

                     Defendants.

<u>**ORDER**</u>

     This matter is before the court on a civil complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Geary County Detention Center in Junction City, Kansas. Plaintiff seeks leave to proceed in forma pauperis in this action, pursuant to 28 U.S.C. 1915.

     As amended April 26, 1996, 28 U.S.C. 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the limited records available, the court assesses an initial partial filing fee of $28.50, twenty percent of plaintiff's average monthly deposit of $143.00, rounded to the lower half dollar.

     Also, because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

In her complaint, plaintiff lists bare allegations against a multitude of defendants concerning plaintiff's arrest by Junction City police, plaintiff's conviction Geary County District Court, and plaintiff's detention in the Geary County facility.  On this listing she seeks dismissal of all charges against her, an apology from defendants, employment review and sanction of each defendant, and damages.  Having reviewed the record, the court finds the complaint is subject to being summarily dismissed for the following reasons.

To the extent plaintiff seeks her release and the dismissal of all criminal charges, her exclusive remedy lies in a habeas corpus petition filed under 28 U.S.C. 2254.  Section 1983 is not a substitute for a habeas action.  When a prisoner seeks to challenge the length or fact of her confinement, she must pursue her claim through a writ of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475 (1973), after first exhausting his state court remedies, Rose v. Lundy, 455 U.S. 509 (1982).

To the extent plaintiff seeks relief for alleged constitutional  error in her confinement, and judgment in her favor would necessarily implicate the validity of her conviction or present confinement, any action for damages is premature and barred until plaintiff can demonstrate her conviction has been invalidated or otherwise set aside. See Heck v. Humphrey, 512 U.S. 477 486-87 (1994)("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

To the extent plaintiff seeks relief under 42 U.S.C. 1983 from state court judges and county prosecutors, relief is barred by the absolute immunity extended to these defendants. *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)(prosecutors entitled to absolute immunity for activities intimately associated with judicial phase of criminal process).

To the extent plaintiff seeks relief from court appointed defense counsel, no cognizable claim is stated because these defendants are not persons "acting under color of state law" for the purpose of establishing a claim for relief under 42 U.S.C. 1983.[1]  *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color  of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

And finally, to the extent plaintiff alleges constitutional error in the conditions of her confinement, her bare and conclusory listing of allegations of neglect, discrimination, and

---

[1] A constitutionally cognizable claim under 42 U.S.C. 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

3

denial of medical care are insufficient to state any claim for relief. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991 (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Id.[2] Plaintiff's list of allegations is too incomprehensible and vague to give defendants fair notice of plaintiff's claims and the grounds therefore. Absent amendment of the complaint to provide factual support for each allegation, and to detail each defendant's personal participation in the alleged misconduct,[3] these allegations are subject to being dismissed as stating no claim for relief.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons stated herein.[4] The failure to file a timely response may result in the

---

[2]Also, Rule 8(a) of the Federal Rules of Civil Procedure "requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989)(*internal quotation marks omitted*).

[3]"Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[P]ersonal participation is an essential allegation in a section 1983 claim.").

[4]Plaintiff is advised that dismissal of the complaint can count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma

4

complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $28.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."